UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICOLLE MARSHALL,<br><br>              Plaintiff,<br><br>   v.<br><br>ABBOTT LABORATORIES, et al ,<br><br>              Defendants. | Case No. 5:14-mc-80153-LHK (PSG)<br><br>**ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH RECORDS SUBPOENA**<br><br>**(Re: Docket No. 1)** |

      The court has before it a motion from Defendant Abbott Laboratories to compel Ross Smith-a psychotherapist-to produce "any and all" records, notes and documents "relating or referencing [his patient, Plaintiff] Nicolle Marshall."[1] Marshall has already consented to the disclosure of information her therapist has "related to [her] employment with Abbott Laboratories," but she has refused to allow him to produce other records or testimony about any other confidential matters she may have communicated to him in the course of their therapeutic relationship.[2] Abbott Labs finds this consent inadequate because it says the limited consent allows Marshall to

---

[1] Docket No. 1 at 16.

[2] *Id.* at 4.

1

Case No. 5:14-mc-80153-LHK (PSG)
ORDER GRANTING-IN-PART MOTION TO COMPEL COMPLIANCE WITH RECORDS SUBPOENA

unilaterally cherry-pick the pieces of her psychological history that it would be entitled to review.[3] Because Marshall seeks damages for mental and emotional distress, and because she has designated her therapist as a witness regarding her medical conditions, Abbott Labs argues/believes that Marshall has waived the patient-psychotherapist privilege as to all of her interactions with Dr. Smith.  While the court is unwilling to say that Marshall has waived the entirety of her patient-therapist privilege, it agrees that Abbott Labs must be given more fulsome access to Smith than Marshall's current consent would allow.

This dispute arises as part of an ongoing employment discrimination and wrongful termination case.  Marshall alleges adverse treatment in the workplace based on her race and gender that led to mental and emotional distress, as well as other damages.  In order to prove up these claims at trial, Marshall will be required to demonstrate that her emotional distress was directly caused by the conditions at her workplace.  Abbott Labs wants access to her therapist's records in order to determine whether there were other factors in her life that may have contributed to Marshall's mental state.[4]   As it stands, Marshall asserts that any other personal matters she may have discussed with Smith were not related to the distress claims before the court.[5]

The problem is, the question of causation is the jury's, not Marshall's, to decide.[6]  Although the California Evidence Code ordinarily protects communications with a therapist from discovery,[7] courts have repeatedly held that plaintiffs seeking recovery for mental or emotional distress have

---

[3] *Id.* at 8.

[4] *See* Docket No. 5 at 3.

[5] *See* Docket No. 4 at 4.

[6] *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001) (holding that the causation element is a "factual question[] for the jury to decide").

[7] *See* Cal. Evid. Code § 1014. The parties do not dispute that state laws regarding privilege apply to state law causes of action.  *See* Docket No. 1 at 4-5; Docket No. 4 at 4; *see also* Fed. R. Evid. 501 ("state law governs privilege regarding a claim or defense for which state law supplies the rule of decision").

2
Case No. 5:14-mc-80153-LHK (PSG)
ORDER GRANTING-IN-PART MOTION TO COMPEL COMPLIANCE WITH RECORDS SUBPOENA

waived that protection as to the mental conditions in suit.[8] Defendants facing such a suit have the right to inquires as to whether the emotional distress could stem from factors other than their conduct.[9] This inquiry requires some information as to what other factors may have been at play.

That said, Abbott Labs seeks far more than a simple peek into Smith's files to determine whether any other life circumstances may have contributed to her emotional distress; instead, Abbott Labs seeks the full production of any and all documents that even reference Marshall. In order to cabin this over-reach, while the court will not enter an order prohibiting broader discovery of Marshall's mental health records, it will set certain restrictions on Abbott Lab's access to those records to prevent oppression and harassment. Smith shall respond to the subpoena to produce documents, but his response shall be limited to documents from January 1, 2009-March 17, 2012 that touch on the types of mental and emotional distress of which Marshall intends to produce evidence at trial. He shall produce these records no later than August 22, 2014, and he shall respond to any questions regarding the relevant time frame in any deposition. If the records are not produced prior to Smith's deposition, Abbott Labs shall be entitled to four additional hours of deposition testimony at a later time.

**IT IS SO ORDERED.**

Date: July 23, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[8] *See* Cal. Evid. Code § 1016 ("There is no privilege under this article as to a communication relevant to an issue concerning the mental or emotional condition of the patient if such issue has been tendered by:(a) The patient"); *see also Caesar v. Mountanos*, 542 F.2d 1064, 1074 (9th Cir. 1976) (holding that a "plaintiff-patient must forego any potential recovery for emotional or mental distress . . . to protect the confidentiality of communications to his or her psychotherapeutic doctor"); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999) (requiring disclosure of plaintiff's communications with psychotherapist because a " plaintiff who seeks to recover for emotional distress damages is relying on her emotional condition as an element of her claim," so "the employer is entitled to show that other factors contributed to the plaintiff's damage.").

[9] *See Caesar v. Mountanos,* 542 F.2d 1064, 1070 (9th Cir. 1976) (requiring therapist to answer questions regarding "whether any condition [he] found was the result of a combination of the [conduct at issue] and other factors in her life").

3
Case No. 5:14-mc-80153-LHK (PSG)
ORDER GRANTING-IN-PART MOTION TO COMPEL COMPLIANCE WITH RECORDS SUBPOENA